## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re:* | Case No. 17-33494 |
| Larry Song, | Hon. Timothy A. Barnes |
| *Debtor.* | Chapter 7 |

### FOURTH ROUTINE MOTION OF CREDITOR CIFCO GROUP LTD. TO EXTEND DEADLINES TO OBJECT TO DISCHARGE AND TO CHALLENGE DISCHARGEABILITY OF CERTAIN DEBTS

CIFCO Group Ltd., as Creditor ("The Creditor") of Larry Song ("The Debtor"), by and through its attorneys, Senak Keegan Gleason Smith & Michaud., Ltd., pursuant to 11 U.S.C. §§ 523 and 727, Rules 4004(b) and 4007(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-9(B), hereby moves for the entry of an order extending the deadlines for the Creditor to file a complaint objecting to the discharge of above-captioned debtor (the "Debtor") and challenging the dischargeability of certain debts owed to CIFCO Group Ltd. for 30 days (i.e., from July 13, 2018 up to and including August 13, 2018), and in support of this motion, respectfully states as follows:

### *Background*

1. On February 23, 2015, the Creditor filed a Complaint against the Debtor in the matter entitled *CIFCO Group Co., Ltd. v. Larry Song* and *MKS Capital Investment Group LLC*, 2015 L 001877 (Cir. Court Cook Cnty, filed Feb. 23, 2015) (hereinafter the "Underlying Litigation") seeking an amount in excess of $50,000 against the Debtor for breach of contract, conversion, and unjust enrichment. The cause of action arose from a written agreement between the Creditor and the Debtor whereby the Debtor agreed that in consideration for the payment of 2.5 million RMB from the Creditor, the Debtor would convey to the Creditor 100% of the units of

MKS Capital Investment Group, LLC, [1] along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company. During the contracting period the Debtor failed to carry out all of his obligations under the contract, resulting in the filing of the Underlying Litigation. A copy of the Complaint is incorporated by reference and attached hereto as **Exhibit A**.

2. The Underlying Litigation was set for trial on November 16, 2017, but on November 8, 2017, the Debtor filed the current voluntary Petition for Chapter 7 bankruptcy relief. Pursuant to 11 U.S.C. § 362, an automatic stay was entered and the Underlying Litigation was halted. [DE 1].

3. On December 13, 2017, Trustee Catherine Steege, Esq. (the "Trustee") held a meeting of creditors pursuant to 11 U.S.C. § 341. At the meeting it became apparent that the Debtor failed to reveal material information in his Bankruptcy filing. As a result, the meeting of creditors was adjourned and was set to continue on January 11, 2018 [DE 15].

4. On January 11, 2018 a second meeting of creditors was held. The Debtor failed to appear at the second meeting and the Trustee was required to continue the meeting to February 25, 2018. This inhibited the Creditor's ability to fully investigate the claims [DE 20].

5. On February 9, 2018 the Creditor filed a Motion to Authorize Rule 2004 Examination of Debtor Larry Song [DE 25], which was granted by the court on February 27, 2018 [DE 30].

6. On February 12, 2018 the Creditor filed a Routine Motion to Extend Deadlines to Object to Discharge and to Challenge Dischargeability of Certain Debts [DE 26], which was granted by the court on March 13, 2018 [DE 34].

---

[1]    Debtor was the sole unit holder of MKS Capital Investment Group, LLP.

7.      On March 22, 2018 the Creditor issued a subpoena and served notice of Rule 2004 Examination to Larry Song for the production of documents and for oral testimony to take place on Tuesday, April 10, 2018 at 10:00 am [DE 36].

8.      On April 9, 2018, the Creditor received a voicemail message from the Debtor's attorney stating that not all of the documents for the examination had been produced, and the Creditor's attorney confirmed the rescheduling of the Rule 2004 Examination to Thursday, May 03, 2018 so that all of the documents would be available for review prior to the examination. *See* **Exhibit B**.

9.      As a result, the Creditor was not able to examine the Debtor for information necessary for filing a complaint, and the Creditor was not able to properly examine the Debtor before the April 13, 2018 deadline to object to Discharge and to Challenge Dischargeability.

10.     On April 10, the Creditor filed a Second Routine Motion to Extend Deadlines to Object to Discharge and to Challenge Dischargeability of Certain Debts [DE 37], which was granted by the court on April 24, 2018 [DE 38].

11.     On April 25, 2018, another Creditor meeting was held, but the Debtor did not appear. The meeting was adjourned and continued to May 10, 2018 [DE 39].

12.     On April 30, 2018 the Creditor's attorney received an email from the Debtor's attorney requesting that the rule 2004 examination be rescheduled for May 17, 2018 because they would not be available on the previously agreed date of May 3, 2018. **Exhibit C.**

13.     On May 10, 2018, the Creditor's attorney met with an attorney for the Debtor at another creditor's meeting whereby they agreed to re-schedule the rule 2004 examination for June 4, 2018 pursuant to the availability of the parties, and continued the creditor's meeting to June 14, 2018 [DE 40].

14.     On May 11, 2018, the Creditor filed a 3rd Routine Motion to Object to Discharge and to Challenge Dischargeability of Certain Debts [DE 31], which was granted by the court on May 23, 2018 [DE 43].

15.     Between May 13, 2018 and July 5, 2018 counsel for the Creditor and the Debtor attempted to gather necessary documents from the Debtor and schedule a date to conduct the 2004 examination, which was ultimately held on July 6, 2018. **Exhibit D.**

16.     On July 9, 2018 the court reporter prepared a transcript of the rule 2004 examination. **Exhibit E.**

17.     After the rule 2004 examination, the Creditor discovered new issues and needs time to analyze the transcript of the 2004 examination, obtain additional missing documents, and determine whether to object to discharge and to challenge dischargeability of certain debts.

18.     The Creditor hopes to ask additional questions and obtain the additional documents at the next meeting of creditors, which is scheduled for July 12, 2018 [DE 46].

19.     The deadline to object to discharge and to challenge dischargeability of certain debts is July 13, 2018 [DE 43].

20.     As a result, the Creditor respectfully requests this court to expand the deadline to object to discharge and to challenge dischargeability of certain debts by 30 days (from July 13, 2018 to August 13, 2018) so that the Creditor can gather the necessary information from the Debtor to determine whether they will object to discharge and to the dischargeability of certain debts.

### *Relief Requested*

21.     The deadline for commencing an adversary proceeding objecting to the Debtors' discharge under 11 U.S.C. § 727 (the "Objection Deadline") or challenging the dischargeability of debts under 11 U.S.C. § 523(c) (the "Dischargeability Deadline") was February 12, 2018. *See*

Fed. R. Bankr. P. 4004(a) (imposing deadline of 60 days after initial § 341 meeting for filing

complaint objecting to discharge); 4007(c) (imposing deadline of 60 days after initial § 341

meeting for filing complaint challenging dischargeability of certain debts under 11 U.S.C. §

523(c)).

22.     The Creditor requested and was granted an extension to both the Objection

Deadline and Dischargeability Deadline by 60 days, up to and including April 13, 2018 [DE 34].

23.     The Creditor requested and was granted a second extension to both the Objection

Deadline and Dischargeability Deadline by 30 days, up to and including May 14, 2018 [DE 38].

24.     The Creditor requested and was granted a third extension to Object to Discharge

and to the Dischargeability of Certain Debts by 60 days, up to and including July 13, 2018 [DE

43].

25.     Bankruptcy Rule 4004(b)(1) states that, "on motion of any party in interest, after

notice and a hearing, the court may for cause extend the time to object to discharge." Fed. R.

Bankr. P. 4004(b)(1).  Similarly, Bankruptcy Rule 4007(c) provides that, "[o]n motion of a party

in interest, after hearing on notice, the court may for cause extend the time" to file a "complaint to

determine the dischargeability of a debt under § 523(c)." *See* Fed. R. Bankr. P. 4007(c).

26.     In this case, cause exists to extend both the Objection Deadline and

Dischargeability Deadline because the Creditor has appeared at all meetings of creditors to

investigate the claims, has attempted to obtain the necessary documents in the possession of the

Debtor, and has conducted the Rule 2004 Examination.

27.     On July 6, 2018 the Rule 2004 Examination was held and the Creditor discovered

additional documents and information needed to determine whether to Object to Discharge and to

the Dischargeability of Certain Debts.

28.    Among other things, the Creditor is investigating whether the Debtor's disclosures are complete and accurate, whether fraudulent transfers of assets have been made, and whether the information discovered supports causes of action under 11 U.S.C. §§ 523 or 727.

29.    Accordingly, the Creditor respectfully request that the Court extend both the Objection Deadline and Dischargeability Deadline for 30 days, up to and including August 13, 2018.

### *Conclusion*

WHEREFORE, CIFCO Group Ltd., as Creditor of Larry Song, Debtor, hereby moves this Court: (i) extend the Objection Deadline for 30 days, up to and including August 13, 2018; (ii) extend the Dischargeability Deadline for 30 days, up to and including August 13, 2018; and (iii) grant such other just and appropriate relief.

Respectfully submitted,

CIFCO Group Ltd.

Dated:  July 9, 2018                    By:   */s/* Matthew Oberlin
                                              One of its attorneys

Doug Michaud
Matthew Oberlin
Senak Keegan Gleason Smith & Michaud, Ltd.
566 West Adams Street, Suite 750
Chicago, Illinois 60661
(312) 214-1400

# EXHIBIT A

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
CALENDAR: V
PAGE 1 of 11
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DVISION

| | | |
|---|---|---|
| CIFCO GROUP CO., LTD., | ) | |
| a foreign limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY ZIYAN SONG, individually; and | ) | |
| MKS CAPITAL INVESTMENT GROUP | ) | |
| LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff CIFCO GROUP CO., LTD., by and through its attorneys Mark N. Senak, Kelly A. Fox, and Senak Keegan Gleason Smith & Michaud, Ltd., as its Complaint against Defendant LARRY ZIYAN SONG, individually, and Defendant MKS CAPITAL INVESTMENT GROUP, LLC, states as follows:

## THE PARTIES

1.  Plaintiff CIFCO GROUP, LTD. (hereinafter "CIFCO") is a foreign corporation, with its principal place of business in Beijing, China both currently and for all times pertinent hereto.

2.  Defendant LARRY ZIYAN SONG (hereinafter "SONG") is a naturalized citizen of the United States of America and a citizen of the State of Illinois with his residence located at 405 Beverly Drive, Wilmette, IL 60091.

3.  Defendant MKS CAPITAL INVESTMENT GROUP, LLC (hereinafter "MKS") is a Delaware limited liability company with its principal place of business in Illinois and its principal office at 405 Beverly Drive, Wilmette, IL 60091.

1

4.   Defendant SONG, a naturalized citizen of the United States of America and a citizen of

the State of Illinois, is the only member of Defendant MKS.

## COUNT I: BREACH OF CONTRACT: SONG

5.   Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 - 4 as the

allegations of paragraph 5.

6.   Defendant SONG owns one hundred percent (100%) of the units of Defendant MKS.

7.   Defendant SONG is the manager and registered agent of Defendant MKS.

8.   Defendant MKS is a registered Commodities Trading Advisor, Commodities Pool

Operator, and a former member of the National Futures Association.

9.   On or about November 28, 2012, Plaintiff CIFCO and Defendant SONG entered into a

written agreement in Beijing, China, whereby Defendant SONG agreed that in

consideration of the payment of 2.5 million RMB[1] from Plaintiff CIFCO to Defendant

SONG, Defendant SONG would convey to Plaintiff CIFCO one hundred percent (100%)

of the units of Defendant MKS or its successor entity, along with all licenses,

certifications, and registrations necessary to carry on business as a registered futures

trading company with the National Futures Association. A copy of the November 28,

2012 contract is incorporated by reference and attached hereto as Exhibit A.

10.  Pursuant to the terms of the Agreement, Plaintiff CIFCO agreed to make an initial

payment of 1.25 million RMB to Defendant SONG.

11.  The Agreement further provided that upon completion of the transfer of the units of

Defendant MKS to Plaintiff CIFCO and upon Defendant MKS or its successor entity

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 2 of 11

---

[1]   "RMB" is the international symbol for the Renminbi, the official currency of the People's Republic
of China. The "yuan" is the basic unit of the Renminbi, but is often used as a synonym of the currency,
especially in international contexts. As of November 28, 2012, the day the contract was entered into
between the parties, the conversion rate was 6.376 Renminbi to 1 U.S. Dollar (Source: Bloomberg.com).
Thus, at the time of contract, the purchase price of 2,500,000 RMB was the equivalent of $392,095.36
USD.

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 3 of 11

becoming a clearing member of the Chicago Mercantile Exchange, Plaintiff CIFCO would pay the remaining 1.25 million RMB of the purchase price to Defendant SONG.

12.    The Agreement provided that the Defendant SONG would complete the transfer of the units in Defendant MKS to Plaintiff CIFCO by December 31, 2012.

13.    The Agreement provided that once all the shares of Defendant MKS had been transferred to Plaintiff CIFCO, Defendant SONG would be employed by Plaintiff CIFCO as the Managing Director of Defendant MKS or its successor entity.

14.    Defendant SONG further agreed that after the acquisition of all the units of Defendant MKS by Plaintiff CIFCO, Defendant SONG would continue to service all the accounts of Defendant MKS and that all revenue generated from these accounts would be the property of Plaintiff CIFCO, as successor to Defendant MKS.

15.    On or about December 20, 2012, Plaintiff CIFCO and Defendant SONG agreed to modify the terms of the original agreement through a second written agreement. A copy of the December 20, 2012 modification is incorporated by reference and attached hereto as Exhibit B.

16.    The modified terms reduced the amount of the initial payment from 1.25 million RMB to 750,000 RMB. The modified agreement further provided this sum would be payable by a lump sum payment of 500,000 RMB, and then monthly installments of $10,000 USD for the period from January 2013 to December 2013.

17.    Plaintiff CIFCO made the 500,000 RMB payment to Defendant SONG.

18.    Thereafter, Plaintiff CIFCO made additional payments to Defendant SONG totaling $49,204 USD.

19.    Plaintiff CIFCO has performed all of its obligations under the Agreement.

20.    Defendant SONG breached the Agreement with Plaintiff CIFCO by failing to transfer

3

any of the units of Defendant MKS to Plaintiff CIFCO by the December 31, 2012 closing

date or at any time thereafter, and by failing to complete the process by which Defendant

MKS or its successor entity would become a clearing member of the Chicago Mercantile

Exchange.

21.    As a direct and proximate cause of Defendant SONG's breach of the Agreement with

Plaintiff CIFCO, Plaintiff CIFCO has suffered damages in an amount in excess of

$50,000 USD.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays judgment be entered

in its favor and against Defendant LARRY ZIYAN SONG, individually, in an amount in excess

of $50,000 USD, for an award of prejudgment interest, attorneys' fees, and costs incurred in

prosecuting this matter, and for such further relief as the Court deems equitable and just.

## COUNT II: BREACH OF CONTRACT: MKS

22.    Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 - 4 as the

allegations of paragraph 22.

23.    In the alternative to the allegations of Count I, Defendant SONG owns one hundred

percent (100%) of the units of Defendant MKS.

24.    Defendant SONG is the manager and registered agent of Defendant MKS.

25.    Defendant MKS is a registered Commodities Trading Advisor, Commodities Pool

Operator, and a former member of the National Futures Association.

26.    On or about November 28, 2012, authorized agents of Plaintiff CIFCO and Defendant

MKS entered into a written agreement in Beijing, China, whereby Defendant SONG, as

an agent of Defendant MKS, agreed that in consideration of the payment of 2.5 million

RMB from Plaintiff CIFCO to Defendant MKS, Defendant SONG would convey to

Plaintiff CIFCO one hundred percent (100%) of the units of Defendant MKS or its

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 4 of 11

4

successor entity, along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company with the National Futures Association.

27. Pursuant to the terms of the Agreement, Plaintiff CIFCO agreed to make an initial payment of 1.25 million RMB to Defendant MKS.

28. The Agreement further provided that upon completion of the transfer of the units of Defendant MKS to Plaintiff CIFCO and upon Defendant MKS or its successor entity becoming a clearing member of the Chicago Mercantile Exchange, Plaintiff CIFCO would pay the remaining 1.25 million RMB of the purchase price to Defendant MKS.

29. The Agreement provided that the Defendant SONG, as an agent of MKS, would complete the transfer of the units in Defendant MKS to Plaintiff CIFCO by December 31, 2012.

30. The Agreement provided that once all the shares of Defendant MKS had been transferred to Plaintiff CIFCO, Defendant SONG would be employed by Plaintiff CIFCO as the Managing Director of Defendant MKS or its successor entity.

31. Defendant SONG further agreed, as an agent of Defendant MKS, that after the acquisition of all the units of Defendant MKS by Plaintiff CIFCO, Defendant SONG would continue to service all the accounts of Defendant MKS and that all revenue generated from these accounts would be the property of Plaintiff CIFCO, as successor to Defendant MKS.

32. On or about December 20, 2012, Plaintiff CIFCO and Defendant SONG, as an agent of MKS, signed a second written agreement modifying the terms of the original agreement.

33. The modified terms reduced the amount of the initial payment from 1.25 million RMB to 750,000 RMB. The modified agreement further provided this sum would be payable by a

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 5 of 11

lump sum payment of 500,000 RMB, and then monthly installments of $10,000 USD for

the period from January 2013 to December 2013.

34. Plaintiff CIFCO made the 500,000 RMB payment to Defendant SONG, as an agent of

Defendant MKS.

35. Thereafter, Plaintiff CIFCO made additional payments to Defendant SONG, as an agent

of Defendant MKS, totaling $49,204 USD.

36. Plaintiff CIFCO has performed all of its obligations under the Agreement.

37. Defendant SONG, as an agent of Defendant MKS, breached the Agreement with Plaintiff

CIFCO by failing to transfer any of the units of Defendant MKS to Plaintiff CIFCO by

the December 31, 2012 closing date or at any time thereafter, and by failing to complete

the process by which Defendant MKS or its successor entity would become a clearing

member of the Chicago Mercantile Exchange.

38. As a direct and proximate cause of Defendant MKS's breach of the Agreement with

Plaintiff CIFCO, Plaintiff CIFCO has suffered damages in an amount in excess of

$50,000 USD.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays judgment be entered

in its favor and against Defendant MKS CAPITAL INVESTMENT GROUP, LLC, in an amount

in excess of $50,000 USD, for an award of prejudgment interest, attorneys' fees, and costs

incurred in prosecuting this matter, and for such further relief as the Court deems equitable and

just.

## COUNT III: CONVERSION: SONG

39. Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 - 21 as the

allegations of paragraph 39 of Plaintiff's Complaint.

40. Defendant SONG has wrongfully and without authorization assumed control, dominion,

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 6 of 11

and ownership over the money transferred by Plaintiff CIFCO to Defendant SONG because the money was paid to Defendant SONG in anticipation of Defendant SONG transferring to Plaintiff CIFCO one hundred percent (100%) of the units of Defendant MKS or its successor entity, along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company with the National Futures Association to Plaintiff CIFCO.

41. Plaintiff CIFCO is entitled to the money in the possession of Defendant SONG because Defendant SONG did not transfer to Plaintiff CIFCO one hundred percent (100%) of the units of Defendant MKS or its successor entity, along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company with the National Futures Association to Plaintiff CIFCO.

42. For the foregoing reasons, Plaintiff CIFCO has a right to the immediate, absolute, and unconditional possession of the money.

43. Plaintiff CIFCO has demanded that Defendant SONG repay the money, but Defendant SONG has refused.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays judgment be entered in its favor and against Defendant LARRY ZIYAN SONG, individually, in an amount in excess of $50,000 USD, for an award of prejudgment interest, attorneys' fees, and costs incurred in prosecuting this matter, and for such further relief as the Court deems equitable and just.

## COUNT IV: CONVERSION: MKS

44. Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 - 5 and 22 - 38 as the allegations of Paragraph 44 of Plaintiff's Complaint.

45. Defendant SONG, as an agent of Defendant MKS, has wrongfully and without authorization assumed control, dominion, and ownership over the money transferred by

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 7 of 11

7

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 8 of 11

Plaintiff CIFCO to Defendant SONG, as an agent of Defendant MKS, because the money was paid to Defendant SONG, as an agent of Defendant MKS, in anticipation of Defendant SONG, as an agent of Defendant MKS, transferring to Plaintiff CIFCO one hundred percent (100%) of the units of Defendant MKS or its successor entity, along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company with the National Futures Association to Plaintiff CIFCO.

46.   Plaintiff CIFCO is entitled to the money in the possession of Defendant MKS because Defendant SONG, as an agent for Defendant MKS, did not transfer to Plaintiff CIFCO one hundred percent (100%) of the units of Defendant MKS or its successor entity, along with all licenses, certifications, and registrations necessary to carry on business as a registered futures trading company with the National Futures Association to Plaintiff CIFCO.

47.   For the foregoing reasons, Plaintiff CIFCO has a right to the immediate, absolute, and unconditional possession of the money.

48.   Plaintiff CIFCO has demanded that Defendant SONG, as an agent of Defendant MKS, repay the money, but Defendant SONG has refused.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays judgment be entered in its favor and against Defendant MKS CAPITAL INVESTMENT GROUP, LLC, in an amount in excess of $50,000 USD, for an award of prejudgment interest, attorneys' fees, and costs incurred in prosecuting this matter, and for such further relief as the Court deems equitable and just.

## COUNT V: UNJUST ENRICHMENT: SONG

49.   Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 - 4 as the

allegations of paragraph 49.

50. Defendant SONG owns one hundred percent (100%) of the units of Defendant MKS.

51. Defendant SONG is the manager and registered agent of Defendant MKS.

52. Defendant MKS is a registered Commodities Trading Advisor, Commodities Pool Operator, and former member of the National Futures Association.

53. On or after November 28, 2012, Plaintiff CIFCO paid Defendant SONG 500,000 RMB in anticipation of acquiring one hundred percent (100%) of the units of Defendant MKS from Defendant SONG.

54. Thereafter, in further anticipation of acquiring one hundred percent (100%) of the units of Defendant MKS, Plaintiff made additional payments to Defendant SONG, totaling $49,204 USD.

55. Plaintiff CIFCO did not acquire one hundred percent (100%) of the units of Defendant MKS from Defendant SONG.

56. As a direct and proximate result of the payment by Plaintiff CIFCO to Defendant SONG, Defendant SONG has received a benefit in an amount in excess of $50,000 USD.

57. As a direct and proximate result of the benefit received by Defendant SONG, Plaintiff CIFCO has sustained a detriment by the loss of the amount paid to and retained by Defendant SONG.

58. Defendant SONG's retention of an amount in excess of $50,000 USD violates the principles of justice, equity, and good conscience because Defendant SONG did not transfer one hundred percent (100%) of the units of Defendant MKS to Plaintiff CIFCO.

59. Plaintiff CIFCO has requested Defendant SONG to repay the sum claimed herein, but Defendant SONG refused to do so.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays the Court enter

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 9 of 11

9

judgment in an amount in excess of $50,000; for an order imposing a constructive trust over the

amounts Defendant SONG received from Plaintiff CIFCO; directing Defendant SONG to pay

restitution to Plaintiff CIFCO in the amount Defendant SONG has been unjustly enriched or the

value of the actual benefit received by Defendant SONG; and awarding Plaintiff CIFCO

prejudgment interest, attorneys' fees, and costs incurred in prosecuting this matter, and for such

further relief as the Court deems equitable and just.

## COUNT VI: UNJUST ENRICHMENT: MKS

60. Plaintiff CIFCO incorporates by reference the allegations of paragraphs 1 – 4 as the
allegations of paragraph 60.

61. Defendant SONG owns one hundred percent (100%) of the units of Defendant MKS.

62. Defendant SONG is the manager and registered agent of Defendant MKS.

63. Defendant MKS is a registered Commodities Trading Advisor, Commodities Pool
Operator, and former member of the National Futures Association.

64. On or after November 28, 2012, Plaintiff CIFCO paid Defendant SONG, as an agent for
Defendant MKS, 500,000 RMB in anticipation of acquiring one hundred percent (100%)
of the units of Defendant MKS from Defendant SONG.

65. Thereafter, in further anticipation of acquiring one hundred percent (100%) of the units of
Defendant MKS, Plaintiff made additional payments to Defendant SONG, totaling
$49,204 USD.

66. Plaintiff CIFCO did not acquire one hundred percent (100%) of the units of Defendant
MKS from Defendant SONG.

67. As a direct and proximate result of the payment by Plaintiff CIFCO to Defendant SONG,
as an agent of Defendant MKS, Defendant MKS has received a benefit in an amount in
excess of $50,000 USD.

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 10 of 11

68. As a direct and proximate result of the benefit received by Defendant MKS, Plaintiff CIFCO has sustained a detriment by the loss of the amount paid to and retained by Defendant MKS.

69. Defendant MKS's retention of an amount in excess of $50,000 USD violates the principles of justice, equity, and good conscience because Defendant SONG, as an agent of Defendant MKS, did not transfer one hundred percent (100%) of the units of Defendant MKS to Plaintiff CIFCO.

70. Plaintiff CIFCO has requested Defendant SONG, as an agent of Defendant MKS, to repay the sum claimed herein, but Defendant SONG, as an agent of Defendant MKS, refused to repay the money.

WHEREFORE, Plaintiff CIFCO GROUP CO., LTD. hereby prays the Court enter judgment in an amount in excess of $50,000; for an order imposing a constructive trust over the amounts Defendant SONG, as an agent of Defendant MKS, received from Plaintiff CIFCO and has refused to return; directing Defendant SONG, as an agent of Defendant MKS, to pay restitution to Plaintiff CIFCO in the amount Defendant MKS has been unjustly enriched or the value of the actual benefit received by Defendant MKS; and awarding Plaintiff CIFCO prejudgment interest, attorneys' fees, and costs incurred in prosecuting this matter, and for such further relief as the Court deems equitable and just.

ELECTRONICALLY FILED
2/23/2015 2:11 PM
2015-L-001877
PAGE 11 of 11

Respectfully submitted,
CIFCO GROUP CO., LTD.

By: ___/s/ Mark N. Senak___
One of Plaintiff's attorneys

Mark N. Senak / Kelly A. Fox
**Senak Keegan Gleason**
**Smith & Michaud, Ltd. (#48106)**
621 South Plymouth Court, Suite 100
Chicago, Illinois 60605
T: 312-214-1400 / F: 312-214-1401

# EXHIBIT B

| | |
|---|---|
| **From:** | David Siegel |
| **To:** | Matthew Oberlin |
| **Subject:** | Re: Attention: Ryan McCready re: Larry Song |
| **Date:** | Monday, April 09, 2018 5:13:13 PM |

Matt,

Thursday, May 3rd should be fine,

thank you,

-Ryan J. McCready
Attorney at Law

On Mon, Apr 9, 2018 at 4:50 PM, Matthew Oberlin <moberlin@skgsmlaw.com> wrote:

> Ryan,
>
>
> I wanted to confirm, pursuant to our earlier telephone conversation, that the deposition of
> Larry Song will be postponed until all of the documents have been obtained and produced. I
> propose that we hold the deposition on Thursday, May 3, 2018. Please let me know if this
> date works for you and Mr. Song. If not, please provide a few dates that you would be
> available.
>
>
> Regards,
>
>
> Matthew Oberlin
>
>
> Email: Moberlin@skgsmlaw.com
>
> Phone: (412) 214-1400

--

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL  60090

847/ 520-8100 (phone)
847/ 520-6022 (fax)

# EXHIBIT C

| From: | David Siegel |
|---|---|
| To: | Matthew Oberlin |
| Subject: | Re: Attention: Ryan McCready re: Larry Song |
| Date: | Monday, April 30, 2018 5:18:40 PM |

Matthew,

I thought I'd already followed up on this, sorry. We will not be ready by the 3rd. Can we schedule the meeting for Thursday May 17th at 10AM? Mr. Song has confirmed that he will be available on that date.

Thank you,

-Ryan J. McCeady
Attorney at Law

On Mon, Apr 9, 2018 at 4:50 PM, Matthew Oberlin <moberlin@skgsmlaw.com> wrote:

> Ryan,
>
>
> I wanted to confirm, pursuant to our earlier telephone conversation, that the deposition of Larry Song will be postponed until all of the documents have been obtained and produced. I propose that we hold the deposition on Thursday, May 3, 2018. Please let me know if this date works for you and Mr. Song. If not, please provide a few dates that you would be available.
>
>
> Regards,
>
>
> Matthew Oberlin
>
>
> Email: Moberlin@skgsmlaw.com
>
> Phone: (412) 214-1400

--

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL  60090

847/ 520-8100 (phone)

847/ 520-6022 (fax)

# EXHIBIT D

| | |
|---|---|
| **From:** | David Siegel |
| **To:** | Matthew Oberlin |
| **Subject:** | Re: Larry Song Bankruptcy |
| **Date:** | Thursday, July 05, 2018 3:11:28 PM |

We will be there,

-Ryan

On Thu, Jul 5, 2018 at 11:44 AM, Matthew Oberlin <moberlin@skgsmlaw.com> wrote:

> Mr. McCready,
>
> I wanted to confirm that the rule 2004 examination of Larry Song is going to take place tomorrow at 10:00 am at our office. Please bring any additional documents we have requested to the meeting.
>
> -Matthew Oberlin
>
> Phone: (312) 214-1400
>
> Email: Moberlin@skgmslaw.com

--

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL  60090

847/ 520-8100 (phone)
847/ 520-6022 (fax)

# EXHIBIT E

| | |
|---|---|
| **From:** | Stacey J <staceyj1@comcast.net> |
| **Sent:** | Monday, July 09, 2018 2:44 PM |
| **To:** | Douglas Michaud; Erin Johnson |
| **Subject:** | Rough draft ascii of Larry Song - 7/6/18 Job No. 601556 |
| **Attachments:** | 070618songRoughDraft.txt |

Hi Doug,

Here is your rough draft of the deposition of Larry Song.

Let me know if you need anything else.  You will receive your signed and certified copy in less than 10 days with scanned exhibits, which will also be returned to you.

Thanks,
Stacey John, CSR
McCorkle Litigation Services, Inc.